| | |
|---|---|
| **Larry A. Levick** | **Irving E. Walker*** |
| **State Bar No. 12252600** | **MD State Bar 7811010348** |
| levick@singerlevick.com | iwalker@coleschotz.com |
| **Todd A. Hoodenpyle** | **J. Michael Pardoe*** |
| **State Bar No. 00798265** | **MD State Bar 1712140096** |
| hoodenpyle@singerlevick.com | mpardoe@coleschotz.com |
| **SINGER & LEVICK, P.C.** | **COLE SCHOTZ P.C.** |
| **16200 Addison Road, Suite 140** | **1201 Wills Street, Suite 320** |
| **Addison, Texas 75001** | **Baltimore, MD  21231** |
| **Phone:  (972) 380-5533** | **Phone:  (410) 230-0660** |
| **Fax:  (972) 380-5748** | **Fax:  (410) 230-0667** |
| | |
| *Attorneys for Defendant Perdue AgriBusiness LLC* | *Attorneys for Defendant Perdue AgriBusiness LLC* |
| | *\* Admitted Pro Hac Vice* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| In re: | (Chapter 11) |
| CapRock Milling & Crushing, LLC, | Case No. 23-20251-11 |
| Debtor. | |

**MOTION OF PERDUE AGRIBUSINESS LLC
TO EXTEND TIME FOR FILING PROOF OF CLAIM**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT GEORGE MAHON FEDERAL BUILDING, 1205 TEXAS AVENUE, ROOM 306, LUBBOCK, TX 79401-4002 BEFORE CLOSE OF BUSINESS ON MARCH 20, 2024, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.  ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.**

**IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.  IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

1

Defendant Perdue AgriBusiness LLC ("Perdue"), by its undersigned counsel, hereby moves this Court, pursuant to Rules 3003(c)(3) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order extending the time for Perdue to file a proof of claim in this case, on the following grounds:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B) and 1334.

2. Venue for this matter is proper under 28 U.S.C. §1409(a).

**The Relevant Facts**

3. On November 3, 2023, CapRock Milling & Crushing, LLC (the "Debtor" or "CapRock Milling") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On November 17, 2023, the Debtor filed its Schedules of Assets and Liabilities [Docket No. 15]. Perdue is not listed as a creditor of the Debtor and was not given notice of the Debtor's filing of bankruptcy.

5. The Debtor is an affiliate of another debtor in bankruptcy, Caprock Land Company, LLC ("CapRock Land"), both of which are owned (directly or indirectly) and controlled by Thomas Bunkley. In the CapRock Land bankruptcy, StoneX Commodity Solutions LLC ("StoneX"), on November 22, 2023, filed a motion to convert CapRock Land's Chapter 11 case to Chapter 7 or, in the alternative, to appoint a Chapter 11 trustee [Docket No. 129] ("Motion to Convert"), based on the gross mismanagement and substantial losses suffered under the control of CapRock Land's managing member, Mr. Bunkley. The Motion to Convert includes allegations that CapRock Land, controlled by Mr. Bunkley, had committed "significant pre-petition theft and fraud as to StoneX's commodity inventory in Debtor's possession." Motion to Convert at 2.

6. Counsel for Perdue was monitoring the CapRock Land bankruptcy and upon reviewing the StoneX Motion to Convert, learned that CapRock Milling had filed its own bankruptcy case. *See* Motion to Convert, ¶19.

7. The commencement of CapRock Milling's bankruptcy case was of significant interest to Perdue, as Perdue and CapRock Milling are parties to a Toll Processing Agreement dated as of July 27, 2021 (the "Processing Agreement"), under which Perdue delivered very significant volumes of organic soybeans to CapRock Milling for CapRock Milling to extract the organic soybean oil, organic soybean meal, and organic soybean hulls at CapRock Milling's facility in Baltimore, Maryland. Under this arrangement, Perdue retained title and ownership of the organic soybeans and products while in CapRock Milling's possession.

8. The law firm representing CapRock Milling in its Chapter 11 case also is bankruptcy counsel for CapRock Land. CapRock Milling's counsel, as well as Mr. Bunkley personally, both know from communications with Perdue's counsel prior to CapRock Milling's bankruptcy filing that a large volume of Perdue's inventory disappeared while in CapRock Milling's possession in the Summer of 2023, and that Perdue had claims against both CapRock entities for theft of Perdue's inventory valued at approximately $1,700,000. CapRock Milling and its counsel therefore knew of Perdue's claim against CapRock Milling but failed to include Perdue as a creditor in the CapRock Milling's bankruptcy schedules filed under oath.

9. On January 18, 2024, CapRock Milling filed a Complaint against Perdue in this Court [Docket No. 82, Adversary No. 24-02000-rlj, asserting a single cause of action, a breach of contract claim, alleging that Perdue owed CapRock Milling for monies due under the Processing Agreement.

10. In response to the Complaint, Perdue has filed certain motions, including a motion to withdraw the reference to the Bankruptcy Court, so that the District Court can transfer the litigation initiated by CapRock Milling to the United States District Court of the District of

Maryland, in Baltimore, consistent with the parties' agreement in the Processing Agreement that any dispute under the Agreement would be litigated in Maryland. *See* Docket Nos.7-10.

11. In the litigation with CapRock Milling, once the proper venue of the litigation is determined and the parties proceed to address the merits, Perdue intends to file a counterclaim against CapRock Milling not only for its theft of Perdue's inventory but also for other breaches of the Processing Agreement, including CapRock Milling's failure to perform its contractual obligations to process Perdue's soybeans in accordance with the rigorous standards required by the contract.

12. In CapRock Milling's case, the Court set a bar date of March 12, 2024 for the filing of non-governmental claims, and June 10, 2024 for the filing of governmental proof of claims. *See* Docket No. 18.

13. At the present time, CapRock Milling is in the midst of trying to sell its business or machinery and equipment through an investment banking process. It remains to be seen whether this sale effort will succeed in generating sufficient sale proceeds to generate any meaningful distribution to general unsecured creditors.

14. Given these facts and circumstances, Perdue is presented with a Hobson's choice: file a proof of claim by March 12, 2024, without knowing if there is any prospect of a meaningful recovery on account of such claim, or refrain from filing a proof of claim to avoid potentially waiving its contractual right—a right recognized to be enforceable under Supreme Court and other governing law—to have the litigation conducted in Maryland. It would be inequitable for Perdue to be forced to make this choice at this moment, when there is no way of knowing whether general unsecured creditors will receive any meaningful recovery on their claims in this case.

**Relief Requested**

15. Perdue therefore respectfully asks the Court to extend the time by which Perdue must file a proof of claim until the date that is 30 days following the Debtor's filing with the Court of a report of sale, publicly reporting the results of the current sale process.

**Grounds for Relief**

16. Bankruptcy Rule 3003(c)(3) provides that the Court, "for cause shown," may extend the time within which proofs of claim may be filed. Granting such an extension is within the Court's discretion. *See* Bankruptcy Rule 9006(b)(1) (providing that the Court, "for cause shown may at any time in its discretion" order an enlargement of a time to act if the request is made before the expiration of the relevant time period).

17. In the present case, cause exists based on the following: (a) Perdue is making the request for additional time before the expiration of the bar date, in accordance with Bankruptcy Rule 9006(b)(1); (b) the requested extension will not prejudice the Debtor or impede the administration of the Debtor's bankruptcy estate, as the governmental bar date will not expire until June 10, 2024 and the Debtor is in the process of trying to conduct a sale of its assets and has not even reached the process of filing a chapter 11 plan, confirmation of which would be required before any distribution to creditors; and (c) it would be inequitable for Perdue to be forced to potentially waive its right to have the litigation under the Processing Agreement conducted in Maryland by filing a proof of claim without knowing if doing so would give rise to any real prospect of a meaningful distribution.[1]

---

[1] It is worth noting that even if Perdue did file a proof of claim, the Bankruptcy Court still would lack constitutional authority to enter a final order with respect to the Debtor's claim against Perdue or Perdue's counterclaims. *See Stern v. Marshall*, 564 U.S. 462, 502, 131 S. Ct. 2594, 2620 (2011); *BP RE, L.P. v. RML Waxahachie Dodge, L.L.C. (In re BP RE, L.P.),* 735 F.3d 279, 284-91 (5th Cir. 2013).

**Conclusion**

For these reasons, Perdue respectfully requests that the Court enter an Order extending the time period during which Perdue may file a proof of claim until the date that is 30 days after the Debtor's filing of a report of sale reporting the results of the Debtor's sale of its business or substantially all of its assets, or granting such other relief as the Court deems just and proper.

**DATED: February 28, 2024**

        Respectfully submitted,

        **SINGER & LEVICK, P.C.**

        By: /s/ *Todd A. Hoodenpyle*
           Larry A. Levick
           State Bar No. 12252600
           Todd A. Hoodenpyle
           State Bar No. 00798265

        16200 Addison Road, Suite 140
        Addison, Texas 75001
        Phone: (972) 380-5533
        Fax: (972) 380-5748
        Email: levick@singerlevick.com
        Email: hoodenpyle@singerlevick.com

        **AND**

        Irving E. Walker*
        MD State Bar 7811010348
        J. Michael Pardoe*
        MD State Bar 1712140096
        **COLE SCHOTZ P.C.**
        1201 Wills Street, Suite 320
        Baltimore, MD 21231
        Phone: (410) 230-0660
        Fax: (410) 230-0667
        Email: iwalker@coleschotz.com
        Email: mpardoe@coleschotz.com

        *Attorneys for Defendant Perdue AgriBusiness LLC*

        * *Admitted Pro Hac Vice*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on February 27, 2024, I spoke with Steven Hoard of Mullin Hoard & Brown, LLP, counsel to CapRock Milling & Crushing LLC, to determine whether CapRock consents to or is opposed to the relief requested in this Motion. I was advised via electronic mail on February 28, 2024, that CapRock opposes the relief requested in the Motion. Therefore, this Motion is submitted for the Court's consideration.

                                                                        /s/ *Larry A. Levick*
                                                                       Larry A. Levick

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties listed below, and to the parties shown on the attached Service List via first class mail, postage prepaid, on this 28th day of February, 2024:

| | |
|---|---|
| **DEBTOR:**<br>CapRock Milling & Crushing, LLC<br>1615 S. Bryan Street, Suite 28<br>Amarillo, TX 79102<br>**VIA ECF Noticing through its attorney**<br><br>**US TRUSTEE**:<br>Asher Matiah Bublick<br>Office of the US Trustee<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242<br>**VIA ECF Noticing** | **COUNSEL FOR THE DEBTOR:**<br>Alysia Cordova, Esquire<br>Mullin Hoard & Brown LLP<br>PO Box 2585<br>Lubbock, TX 79408<br>**VIA ECF Noticing**<br><br>Steven Lee Hoard, Esquire<br>Mullin Hoard & Brown, LLP<br>PO Box 31656<br>Amarillo, TX 79120-1656<br>**VIA ECF Noticing**<br><br>Brett Charhon, Esquire<br>Martin C. Robson, Esquire<br>Connor A. Scott, Esquire<br>Charhon Callahan Robson & Garza, PLLC<br>3333 Lee Parkway, Suite 460<br>Dallas, TX 75219<br>**VIA ECF Noticing** |

    /s/  *Todd A. Hoodenpyle*
Todd A. Hoodenpyle