MULLIN HOARD & BROWN, L.L.P.
Steven L. Hoard, SBN: 09736600
Alysia Córdova, SBN: 24074076
Flannery Nardone, SBN: 24083183
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
shoard@mhba.com
acordova@mhba.com
fnardone@mhba.com
*Counsel for Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| CAPROCK MILLING & CRUSHING, LLC, | § § § § | Case No. 23-20251-RLJ-11 |
| Debtor. | § § | |

### MOTION TO EXTEND EXCLUSIVITY PERIOD FOR DEBTOR TO FILE A PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT U.S. BANKRUPTCY COURT 205 SOUTHEAST 5TH AVE, ROOM 133 AMARILLO, TEXAS 79101-1559 BEFORE CLOSE OF BUSINESS ON MARCH 21, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE ROBERT L. JONES, U.S. BANKRUPTCY JUDGE:

    NOW COMES, Debtor CapRock Milling & Crushing, LLC, the Debtor in the above-

referenced bankruptcy proceeding, and files this its Motion to Extend Exclusivity Period for Debtor to File a Plan of Reorganization and Disclosure Statement (the "**Motion**"). In support, the Debtor would respectfully show the Court as follows:

## I.
## Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

## II.
## Factual Background and Relief Requested

1. On November 3, 2023 (the "**Petition Date**"), Debtor commenced this case by filing a petition for relief under Chapter 11 of the Bankruptcy Code. Debtor has been operating its business as a debtor-in-possession.

2. Debtor is a Texas limited liability company dealing primarily in the processing and storage of agricultural commodities. Specifically, Debtor leases a warehouse located at 8911 Bethlehem Boulevard, Sparrows Point, Baltimore, Maryland where it operates its business (the "**Lease**").

3. Debtor intends to market and sell the business.

4. Pursuant to Section 1121(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9006, the period in which the Debtor could exclusively file a plan of reorganization is 120 days after the date of the order for relief. The deadline for the Debtor to file its Plan is March 4, 2024.

5. The Debtor respectfully requests a ninety (90) day extension of the Debtor's period to exclusively file it Chapter 11 Plan and Disclosure Statement to June 2, 2023.

# III.
# Basis for Relief Requested

A. Legal Basis:

6. Pursuant to § 1121(d) of the Bankruptcy Code, the Court may, upon a showing of cause, extend or increase a debtor's period for filing a plan or obtaining acceptance of a plan. While the Code does not define "cause," the courts have referred to the cause standard set forth in § 1121(d) as a general standard that allows the Bankruptcy Court "maximum flexibility to suit various types of reorganization proceedings." *In re Gibson & Cushman Dredging Corp.,* 101 B.R. 405, 409 (E.D.N.Y. 1989) *citing In re Public Serv. Co. of N.H.,* 88 B.R. 521, 534 (Bankr. D.N.H. 1988).

7. In addition, the following factors have generally been relied upon in making the determination as to whether "cause" exists:

   (a) the size and complexity of the case;
   (b) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
   (c) the existence of good faith progress toward reorganization;
   (d) the fact that the debtor is paying its bills as they become due;
   (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
   (f) whether the debtor has made progress in negotiations with its creditors;
   (g) the amount of time which has elapsed in the case;
   (h) whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and
   (i) whether an unresolved contingency exists.

*In re Express One Int'l, Inc.,* 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *see also In re Hoffinger Indus.,* 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003) (discussing factors). Not all of the factors are relevant in every case, and there is no magic number of factors that must be satisfied to warrant extension of the period; it is within the court's discretion to determine which factors are relevant and to give the appropriate weight to those factors. *Hoffinger,* 292 B.R. at 644. "[S]ometimes

certain factors are just more relevant or important than others." *In re Dow Corning Corp.,* 208 B.R. 661, 669 (Bankr. E.D. Mich. 1997). As discussed below, the facts satisfy a number of the factors the Court will consider in determining whether to grant Debtor's Motion for an extension of the exclusivity period.

    B. Factual Basis:

8.    The Debtor is making a good faith effort to market and sell its assets including the retention of investment banker William Hood & Company, LLC. The success of such efforts is still unknown and will affect the Debtor's proposed course of action. Therefore, it is not possible to solidify the details of any proposed plan.

9.    For example, if the Debtor is able to sell its assets for the ideal price, many if not all of its creditors may get paid in full. This extension is requested to benefit creditors to the fullest extent possible and not to pressure creditors to submit to the debtor's reorganization demands.

10.    As a result, the Debtor seeks an extension of the exclusivity period for an additional 90 days.

11.    This Motion is the Debtor's first request for an extension of exclusivity. The Motion is not filed for the purpose of delay, but rather the circumstances mandate that more time is necessary in order for the Debtor to negotiate and submit a viable Plan.

12.    The Debtor asserts that substantial progress has been made in putting together the pieces necessary for a successful plan. However, many contingencies exist which must come together in order to allow for the Debtor to propose a viable plan of reorganization.

13.    This request for an extension of the exclusivity period is not made to pressure any creditors into acceptance of any proposal from the Debtor. Rather, it is made to facilitate the reorganization process.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests entry of an order extending the exclusivity period for Debtor to file its Chapter 11 Plan and Disclosure Statement for an additional ninety (90) days to June 2, 2024, and Debtor prays for such other relief at law or equity to which it may show itself justly entitled.

Respectfully Submitted,

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086

/s/ Steven L. Hoard
Steven L. Hoard, SBN: 09736600
Alysia Córdova, SBN: 24074076
Flannery Nardone, SBN: 24083183
shoard@mhba.com
acordova@mhba.com
fnardone@mhba.com
**Counsel for Debtor CapRock Milling & Crushing, LLC**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing Motion was served on all parties receiving notice via ECF on this 29th day of February 2024.

                              */s/ Steven L. Hoard*
                              Steven L. Hoard