MULLIN HOARD & BROWN, L.L.P.
Steven L. Hoard, SBN: 09736600
Alysia Córdova, SBN: 24074076
Flannery Nardone, SBN: 24083183
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
shoard@mhba.com
acordova@mhba.com
fnardone@mhba.com
*Counsel for Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| CAPROCK MILLING & CRUSHING, LLC, | § § § § | Case No. 23-20251-RLJ-11 |
| Debtor. | § § | |

**DEBTOR'S MOTION TO EXTEND TIME TO
ASSUME OR REJECT LEASE OF REAL PROPERTY**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT U.S. BANKRUPTCY COURT 205 SOUTHEAST 5TH AVE, ROOM 133 AMARILLO, TEXAS 79101-1559 BEFORE CLOSE OF BUSINESS ON MARCH 21, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE ROBERT L. JONES, U.S. Bankruptcy Judge:

NOW COMES, CapRock Milling & Crushing, LLC, the Debtor in the above-referenced bankruptcy proceeding and files this Motion to Extend Time to Assume or Reject Lease of Real

Property ("**Motion**"). In support, the Debtor would respectfully show the Court as follows:

## I.
## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested herein are Bankruptcy Code section 365(d)(4)(B)(ii) and Bankruptcy Rule 6006.

## II.
## BACKGROUND

2. On November 3, 2023 (the "**Petition Date**"), Debtor commenced this case by filing a petition for relief under Chapter 11 of the Bankruptcy Code. Debtor has been operating its business as a debtor-in-possession.

3. Debtor is a Texas limited liability company dealing in primarily in the processing and storage of agricultural commodities.

4. Specifically, Debtor leases a warehouse located at 8911 Bethlehem Boulevard, Sparrows Point, Baltimore, Maryland (the "**Warehouse**") from TPA Properties 8, LLC ("**TPA**"), where it operates its business (the "**Lease**").

5. Ultimately, Debtor intends to market and sell the business. The Lease is one of the Debtor's most valuable assets.

6. Earlier in the case, Debtor was behind on post-petition rent under the Lease. Consequently, TPA filed its Motion for Relief from the Automatic Stay for Debtor's Failure to Pay Post-Petition Rent [Doc. 46] and TPA Properties 8, LLC'S Motion to Compel Payment of Post-Petition Rent and For Assumption or Rejection of Unexpired Non-Residential Real Property Lease [Doc. No. 45].

7. The Debtor paid past due post-petition rent and those motions were resolved by agreement in the form of two agreed orders identical in substance. The orders state that TPA agreed it will not oppose a ninety-day extension of the time to assume or reject the Lease. [Doc. Nos. 88 & 89].

## II.
## RELIEF REQUESTED

8. By this Motion, Debtor seeks entry of an order to extend the time within which they must assume or reject the Lease, as required by § 365(d)(4)(B)(i), for an additional ninety (90) days to June 2, 2024.

## III.
## ARGUMENTS AND AUTHORITIES

9. The Debtor is a party to the Lease, and the period in which the Debtor may assume or reject the Lease is set to expire on March 4, 2024.

10. Pursuant to section 365(d)(4) of the Bankruptcy Code, a debtor is deemed to have rejected a nonresidential real property lease under which it is the lessee upon the earlier of (a) 120 days from the petition date or (b) the date the bankruptcy court confirms a plan of reorganization in the debtor's case, unless the debtor affirmatively assumes such leases prior to those expiration dates. *See* 11 U.S.C. § 365(d)(4)(A). Accordingly, without the relief requested herein, if the Lease is not (a) assumed within the initial 120-day statutory period or (b) is not subject to a motion to assume, the Lease will be deemed rejected.

11. The Court may extend the initial statutory period for 90 days on the motion of the debtor or lessor for cause. 11 U.S.C. § 365(d)(4)(B). While "cause" is not defined in the Bankruptcy Code, courts consider a variety of factors to determine whether cause exists to extend the time to assume or reject unexpired leases of nonresidential real property, including the following:

(a) whether the lease is the debtor's primary asset;
(b) whether the debtor has had sufficient time to intelligently appraise its

    financial situation and potential value of its assets in terms of the formulation of a plan of reorganization;
(c) whether the lessor continues to receive rent for the use of the property;
(d) whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;
(e) whether the case is exceptionally complex and involves a large number of leases;
(f) whether the debtor has failed or is unable to formulate a plan when it has had sufficient time to do so; and any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

*See, e.g., In re Am. Healthcare Mgt. Inc.*, 900 F.2d 827, 833 (5th Cir. 1990) (discussing factors relevant to section 365(d)(4) analysis of whether "cause" exists to extend the time to assume or reject unexpired leases); *In re Panaco, Inc.*, No. 02-47811-H3-11, 2002 WL 31990368, at *5 (Bankr. S.D. Tex. Dec. 10, 2002) (citing similar factors); *see also S. St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761–62 (2d Cir. 1996) (same).

12. The Debtor is in the process of marketing its business for sale. Accordingly, the Debtor is not able to determine if it should assume and assign or reject the Lease by the existing deadline.

13. Additionally, it is remaining current on rental payments, and TPA, the other party to the lease, has consented to a ninety-day extension satisfying factors (c) and (d) above.

14. The Debtor does not believe any parties will be harmed by the requested extension.

15. Debtor would ask that it be allowed an extension of ninety (90) days from March 4, 2024, in order to allow time to assume or reject the unexpired lease. Debtor believes that an additional ninety (90) days will provide sufficient time.

16. No previous request for relief related to the Lease sought herein has been made by debtor to this Court or any other court. This Motion is sought in good faith and not for the purpose of delay.

## IV.
## PRAYER

WHEREFORE, the Debtor respectfully requests entry of an order extending the time to

assume or reject the unexpired lease for an additional ninety (90) days to the time period prescribed in the Bankruptcy Rules, allowing Debtor until June 2, 2024. Further, the Debtor prays for such other and further relief, at law or in equity, to which the Debtor may show itself justly entitled.

    Respectfully Submitted,

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086

/s/ Steven L. Hoard
Steven L. Hoard, SBN: 09736600
Alysia Córdova, SBN: 24074076
Flannery Nardone, SBN: 24083183
shoard@mhba.com
acordova@mhba.com
fnardone@mhba.com
**Counsel for Debtor CapRock Milling & Crushing, LLC**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Motion was served on all parties receiving notice via ECF on this 29th day of February 2024.

/s/ *Steven L. Hoard*
Steven L. Hoard