MULLIN HOARD & BROWN, L.L.P.
Steven L. Hoard, SBN: 09736600
Alysia Córdova, SBN: 24074076
Flannery Nardone, SBN: 24083183
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
shoard@mhba.com
acordova@mhba.com
fnardone@mhba.com
*Counsel for Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| **CAPROCK MILLING & CRUSHING, LLC,** | § § § § | Case No. 23-20251-RLJ-11 |
| **Debtor.** | § § | |

**DEBTOR'S RESPONSE IN OPPOSITION TO MOTION OF PERDUE
AGRIBUSINESS, LLC TO EXTEND TIME FOR FILING PROOF OF CLAIM**

TO THE HONORABLE ROBERT L. JONES U.S. BANKRUPTCY JUDGE:

Comes now CapRock Milling & Crushing, LLC ("**Debtor**") and files this its Response in Opposition to Motion of Perdue Agribusiness, LLC to Extend Time to File Proof of Claim [Doc. 90] (the "**Motion**") in the above-entitled and numbered bankruptcy proceeding.

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**BACKGROUND**

2. On November 3, 2023 (the "**Petition Date**"), Debtor commenced this case by filing a petition for relief under Chapter 11 of the Bankruptcy Code. Debtor has been operating its

{1544/00/02794069.DOCX / 1}Debtor's Response Opposed to Motion of Perdue Agribusiness' LLC to Extend Time for Filing Proof of Claim

Page **1** of **6**

business as a debtor-in-possession. Debtor is a Texas limited liability company dealing primarily in the processing and storage of agricultural commodities.

3. Perdue falsely claims that they did not receive notice of the Debtor's bankruptcy. *See* Motion at ¶ 4.  On November 15, 2023, Debtor mailed a true and correct copy of the Notice of Chapter 11 Bankruptcy Case to all parties identified on Exhibit A. [Doc. 10]. The mailing included Perdue Agribusiness, LLC ("**Perdue**") and was mailed to P.O. Box 1537, Salisbury, MD 21802, which is the notice address listed on the contracts between Perdue and the Debtor. [Doc. 10, 10-1]. Perdue is listed in the certificate of service for numerous subsequent mailings.

4. The November 15, 2023 mailing included the deadline to file a proof of claim, which was March 12, 2024.

5. Perdue filed the Motion on February 28, 2024, but failed to seek emergency relief or file a claim before the deadline.

6. Although the Motion represents that Perdue has claims against Debtor (*see, e.g.*, Motion at ¶ 8), Perdue represented to the Court at the March 19, 2024 hearing on Perdue's Motion to Withdraw Reference that Perdue ***no longer intends to assert any claims against Debtor.*** This is inconsistent with Perdue's Motion and prior representations to the Court.

## ARGUMENT AND AUTHORITIES

7. Given Perdue's representation that it no longer intends to assert any claims against Debtor, the Motion is moot and should be denied (or withdrawn by Perdue) as such. For the purposes of this Response, Debtor assumes Perdue intends to maintain its represented intention to file, at a date uncertain, a proof of claim as urged in Perdue's Motion.

8. The purpose of establishing a bar date for claims is to encourage the prompt administration of the estate. *See, e.g.*, *In re Ungar*, 70 B.R. 519, 521 (Bankr.E.D.Penn.1987). This

prompt administration accrues to the benefit of the creditors, the debtor, and the court. *Id*. For these reasons, courts have been reluctant to grant exceptions to the timing and requirements for filing a proof of claim. *In re Murchison*, 85 B.R. 37, 41 (Bankr. N.D. Tex. 1987).

9. Bankruptcy Rule 3002(c)(6) provides that:

> On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

FED. R. BANKR. PRO. 3002(c)(6).

10. Courts have also held that they may enlarge the time to file a proof of claim under Bankruptcy Rule 9006(b)(1) only if the failure to act was the result of excusable neglect. "Excusable neglect is usually defined as 'the failure to timely perform a duty . . . due to circumstances which were beyond the reasonable control of the person whose duty it was to perform.'" *In re Murchison*, 85 B.R. at 39. In *Murchison*, the court held that when the creditor was aware of the bankruptcy filing and participated in the creditor's meeting, failing to file a claim did not amount to excusable neglect. *Id*.

11. Here, Perdue seeks the extension of its deadline to file a proof of claim for its own convenience and self-interest. Perdue's basis for requesting relief from this Court as to the proof of claim deadline has nothing to do with the relevant equities and resolution of this case in an efficient and convenient manner for all the parties involved. Instead, Perdue seeks to delay the filing deadline to bolster its attempts to withdraw the reference of the related adversary proceeding filed by the Debtor against in order to avoid the jurisdiction of this Court and to ultimately transfer the adversary proceeding to its home forum in the District of Maryland. *See* Adv. No. 24-02000-rlj , Dkt. Nos. 7, 9. Therefore, because Perdue's true intentions are evident and because Perdue

received timely notice of the Debtor's bankruptcy, Perdue is not entitled to an extension. Bar dates are commonly fixed by orders pursuant to Bankruptcy Rule 3003(c)(2) so that the amounts of claims may be quantified. Without such quantification, it would be difficult, if not impossible, to structure a Chapter 11 plan of reorganization.

12. Because of the essential function of a bar order, and in reliance on the Supreme Court's decisions in *Granfinanciera* and *Langenkamp*, the Second Circuit held in *In re Hooker Investments, Inc.*, that a creditor does not have the right to a deferral of the bar date by which a proof of claim must be filed, even though, by filing a proof of claim in order to participate in distributions, the creditor would lose the right to a jury trial in a preference or fraudulent-conveyance proceeding. *In re Hooker Investments, Inc.*, 937 F.2d 833, 839-40 (2d Cir. 1991) ("The Bank goes on to argue, however, that the bankruptcy court should have preserved its right to a jury trial in the adversary proceeding by allowing it to postpone filing a proof of claim until the adversary proceeding had concluded. . . . We disagree.").

13. The *Hooker Investments* Court observed that:

> Accepting the Bank's argument here would require a bankruptcy court to stay the effect of its bar order to preserve the jury-trial rights of any creditor from whom a debtor or trustee sought to recover preferences. It is also likely that in many instances creditors could not ascertain before the bar date whether the debtor or trustee intended to assert such claims, and that these creditors, too, would seek to stay the effect of the bar order to preserve their jury-trial rights in the event such claims were asserted. As the bankruptcy court observed, requiring that a bar order be drafted in such a way that it would "preserve rights for anybody who felt that they might . . . be prejudicing themselves . . . by filing a Proof of Claim" would "set [] a very dangerous precedent."

*Id*. at 839. Consequently, that Perdue may lose some potential right to a jury trial or that Perdue may need to resolve its claims against Debtor in Texas rather than Maryland is not a sufficient reason to extend the bar date previously fixed by the bankruptcy court pursuant to Bankruptcy

Rule 3003(c)(3). *Id.*; *see also*, Effect of filing a proof of claim, 1 Norton Bankr. L. & Prac. 3d §§ 4:66; 4:128.

14. Further, Perdue requests an extension outside the permissible statutory scope. The statute specifically limits the extension of the time to file a proof of claim to no more than sixty days from the Order granting the Motion. FED. R. BANKR. PRO. 3002(c)(6). Perdue requests an extension of its deadline to file a proof of claim to thirty days after the sale of the assets, the timing of which is currently unknown and may exceed sixty days from the entry of any order granting the Motion.

15. Finally, the statute specifically states it may be "granted *if the court finds that the notice was insufficient.*" *See id*. Here, it was not. Perdue has had more than a reasonable amount of time to file a proof of claim as it received notice of the bankruptcy in November. [Doc 10, 10-1]. Perdue had notice and could have filed a timely proof of claim, but elected not to for strategic reasons.

For these reasons, Debtor CapRock Milling & Crushing, LLC respectfully requests that the Court deny Perdue Agribusiness, LLC's motion to extend the time period during which it may file a proof of claim and for such other relief as the Court deems just and proper.

Respectfully Submitted,

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 372-5086

/s/ Steven L. Hoard
Steven L. Hoard, SBN: 09736600
Alysia Córdova, SBN: 24074076
Flannery Nardone, SBN: 24083183
shoard@mhba.com
acordova@mhba.com
fnardone@mhba.com
**Counsel for Debtor CapRock Milling & Crushing, LLC**


# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion was served on all parties receiving notice via ECF on this 20th day of March 2024.

*/s/ Steven L. Hoard*
Steven L. Hoard